IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD J. AGA, | CIV. NO. 08-00509 SOM/LEK |
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| DONALD C. WINTER, SECRETARY OF THE UNITED STATES NAVY, | |
| Defendant. | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

Plaintiff Edward J. Aga, a former Navy employee stationed at Pearl Harbor, sues the Navy, alleging that his supervisor retaliated and discriminated against him because he had accused that supervisor of engaging in nepotism. Defendant Donald C. Winter moves for summary judgment on the grounds that Aga has failed to exhaust administrative remedies and has failed to establish such claims. For the reasons set forth below, the court grants Winter's motion.[1] The Clerk of Court is ordered to close the case.

II.     BACKGROUND.

Aga has been stationed at Pearl Harbor since 1974.

---

[1]The hearing set for December 14, 2009 is cancelled. The court decides this matter without a hearing pursuant to Local Rule 7.2(d).

Compl. ¶ 1 (Nov. 12, 2008); Concise Statement at 2 (Sept. 29, 2009).  In 2002, Aga formed the belief that the Major of Operations, Wilson S. Kerisiano, favored family members employed at Pearl Harbor over Aga.  Compl. ¶¶ 5-6.  Aga made his beliefs known.  Id.

In April 2004, Aga stopped working at Pearl Harbor.  Aga says that he was given leave without pay because he had a serious medical condition that prevented him from working.  Id. ¶¶ 6-7.  However, Kerisiano believed Aga's absence was unauthorized.  In June 2004, Kerisiano notified Aga that he might be disciplined or fired if he did not explain his absence.  Ex. A attached to Concise Statement.  On June 28, Aga responded that his absence was justified.  Ex. B attached to Concise Statement.  It is unclear how this dispute was resolved.

About a month later, in early August 2004, a rock was allegedly thrown at Aga's house.  Compl. ¶ 12.  Apparently concluding that Kerisiano was involved in this incident, Aga filed a complaint with the Office of Special Counsel ("OSC") alleging, among other things, that Kerisiano had engaged in nepotism and had retaliated against him.[2]  Id. ¶¶ 12-13.  The OSC attempted to contact Aga via phone on five occasions to obtain

---

[2] Aga's Complaint itself contains contradictions.  Although he first alleges he filed an OSC complaint after a rock was thrown at his house, he later alleges that he first filed a complaint, then was retaliated against when someone threw a rock at his house.  Compl. ¶ 35.

more information regarding his complaint, but Aga never responded.  Ex. K at 000004 attached to Concise Statement.  The OSC also gave Aga 16 days to submit written comments.  Id.  When Aga failed to submit comments, the OSC closed Aga's case in December 2004 based on lack of support for Aga's complaint.  See Ex. K at 000002 attached to Concise Statement.  However, Aga was informed that he could appeal the OSC's findings to the Merit Systems Protection Board.  Id.  He did not do so.

Aga alleges that he recovered from his medical condition and spent from September 2004 through June 2006 attempting to return to work.  Compl. ¶ 16.  He says his attempts to return to work were unsuccessful because Kerisiano was retaliating against him.  Id. ¶ 16.

In late 2006, Anthony Kalili replaced Kerisiano as Major of Operations.  Id. ¶¶ 17, 20.  In July 2007 Aga notified Kalili that he wanted to return to work.[3]  Ex. C attached to Concise Statement.  In December 2007 Kalili notified Aga that he would have to pass a physical examination and a drug test, like all other employees in the same position, before returning to work.  See Ex. D attached to Concise Statement.

Aga filed the Complaint in this action on November 12, 2008.  Aga lists five Causes of Action.  The First Cause of

---

[3] In October 2007 Aga filed a complaint with the Equal Employment Opportunity Commission against Kalili.

3

Action alleges that the former Major of Operations, Kerisiano, retaliated against him for reporting Kerisiano's alleged nepotism to the OSC.  Compl. ¶ 27.  The Second Cause of Action seeks back pay and lost wages.[4]  The Third Cause of Action asserts a Title VII disparate treatment claim on the ground that Kerisiano discriminated against Aga because of his religion.  Id. ¶ 34.  Aga also claims that Kerisiano violated 18 U.S.C. § 1910, a criminal statute barring nepotism in the appointment of a receiver or a trustee.  The Fourth Cause of Action asks for cleansing of his personnel files.[5]  The Fifth Cause of Action seeks pecuniary damages for damage to reputation flowing from Aga's loss of his salary and the resulting bad credit ratings and "collection harassment."  Compl. ¶ 42.

    The Second, Fourth, and Fifth Causes of Action are

---

[4] Aga cites various sections of the Code of Federal Regulations to support this claim.  However, the sections he cites are inapplicable.  He cites 29 C.F.R. §§ 1614.501(a)(4) 1614.501(a)(3), which allows the EEOC or an agency, not a court, to give a victim of discrimination any loss of earnings suffered as a result of discrimination.  He also cites 5 C.F.R. §§ 550.805(g)-(h), which deal with how an agency computes back pay and annual leave.

[5] Aga attempts to assert a conspiracy claim.  Aga says that the "NSRH, Major of Operations and its Agents, Affiliates, have been filing and orchestrating plans to discharge or disciplin[e]" Aga.  Compl. ¶ 39.  The elements of a conspiracy are not pled, and Aga alleges no facts to support even the inference of conspiracy.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009) (noting that bare conclusory allegations that amount to nothing more than a formulaic recitation of the elements of a claim are not entitled to be assumed true).

derivative of the First and/or Third Cause of Action.  In other words, unless either the First or Third Cause of Action survives the present motion, the Second, Fourth, and Fifth Causes of Action cannot survive.

On September 29, 2009, Winter filed the present motion for summary judgment.  <u>See</u> Def.'s Mem. Supp. Mot. Summ. J., Doc. No. 20-1 at 1 (Sept. 29, 2009).  Winter moves to dismiss all of Aga's claims on the grounds that Aga has failed to exhaust administrative remedies before filing suit in federal court, and that he fails to establish a claim of discrimination based on religious beliefs.

Winter's motion was set for hearing on October 26, 2009.  As Aga did not file an opposition, the court moved the hearing to give Aga until November 5, 2009, to file an opposition.  On November 2, 2009, Aga submitted a rambling letter to defense counsel with invectives against the Magistrate Judge.  Defense counsel submitted Aga's letter to this court.  Aga has submitted no formal opposition addressing the issues raised by the motion.

III.     <u>STANDARD OF REVIEW.</u>

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c)(2) (effective Dec. 1, 2009). To withstand a properly made and supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e).

When a motion for summary judgment is unopposed, the motion should be granted only when the movant's papers are themselves sufficient to support the motion and they do not reveal a genuine issue of material fact. In re Rogstad, 126 F.3d 1224, 1227 (9th Cir. 1997) (noting that it is in error to grant a motion for summary judgment simply because the opponent failed to oppose the motion); Cristobal v. Siegel, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (noting that an unopposed motion may be granted only after the court determines that there are no material issues of fact).

Additionally, in a motion for summary judgment, "material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." L.R. 56.1(g) (effective Dec. 1, 2009). Thus, while this court is not permitted to grant an unopposed motion for summary judgment as a matter of right, Siegel, 26 F.3d at 1494-95, it must deem all facts proffered in Winter's concise statement as admitted by Aga. Therefore, the court must determine whether the facts, as asserted in Winter's

concise statement, warrant a grant of summary judgment.

IV.      ANALYSIS.

     A.    The Retaliation Claim Fails Because Aga Has Not Exhausted Administrative Remedies.

In his First Cause of Action, Aga alleges that Kerisiano retaliated against him for "reporting departmental work deficiencies and . . . Nepotism to the [OSC]." Compl. ¶¶ 16, 27; see also Ex. K at 000003 attached to Concise Statement. Winter moves for summary judgment on the grounds that Aga has failed to exhaust administrative remedies before bringing this claim in federal court. This court agrees.

The Civil Service Reform Act ("CSRA") forbids an agency from engaging in certain "prohibited personnel practices," including unlawful discrimination, nepotism, and reprisal against whistleblowers. 5 U.S.C. § 2301(b); see also United States v. Fausto, 484 U.S. 439, 443 (1988). If the conduct that a plaintiff challenges "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the plaintiff's] only remedy." Orsay v. United States Dep't of Justice, 289 F.3d 1125, 1128 (9th Cir. 2002). A federal employee subject to this Act has the right to file a complaint with the Office of Special Counsel of the Merit Systems Protection Board, who is responsible for investigating charges and, when appropriate, seeking remedial action. Fausto, 484 U.S. at 445.

Aga's retaliation claim falls under the provisions of the CSRA.  To the extent Aga says that Kerisiano retaliated against him for filing an OSC complaint in 2004, that claim fails because Aga must pursue administrative remedies.  The CSRA provides the exclusive means of redress for "prohibited personnel practices" such as alleged reprisals or retaliation for disclosing information to the OSC showing a violation of a law, rule, or regulation.  See 5 U.S.C. § 2302(b)(8)(B).  Aga must therefore file and pursue a complaint with the OSC before coming to court.  Orsay, 289 F.3d at 1129.

To the extent Aga claims retaliation by Kerisiano because Aga accused him in 2002 of having engaged in nepotism, that claim is also subject to an exhaustion requirement.  Aga filed a complaint with the OSC in 2004 alleging that Kerisiano had retaliated against him for saying that Kerisiano had engaged in nepotism.  See Ex. K at 000002-000009 attached to Concise Statement.  It is undisputed that Aga failed to respond to the OSC's requests or to appeal the OSC decision to the MSPB.  Id.  A plaintiff must exhaust administrative remedies before bringing suit.  Exhaustion includes appealing an adverse OSC decision to the MSPB.  See 5 U.S.C. § 1221(h); Stanley v. Gonzales, 476 F.3d 653, 657 (9th Cir. 2007).  If a plaintiff voluntarily abandons the MSPB process, precluding the MSPB from rendering a final and appealable order, the court lacks jurisdiction over the matter.

See <u>Vinieratos v. United States Dep't of Air Force</u>, 939 F.2d 762, 773-74 (9th Cir. 1991) (noting that the plaintiff, who had filed an MSPB appeal then requested a deferral of jurisdiction, had voluntarily abandoned the MSPB process and that the district court could not therefore review the claims).  Aga voluntarily abandoned the MSPB process by not responding to the OSC's requests or filing an appeal.  Given the lack of a final administrative decision or order for this court to review, this court cannot analyze Aga's retaliation claim.[6]  See <u>Vinieratos</u>, 939 F.2d at 773; see also <u>Black v. United States</u>, 56 Fed. Cl. 19, 27 (Fed. Cl. 2003) (noting that if the CSRA covers a personnel action, the court cannot have jurisdiction over those claims insofar as the comprehensive scheme of the CSRA has provided a remedy).

Aga also alleges that Kalili retaliated against him by failing to allow him to return to work in 2007.[7]  Compl. ¶ 27.

---

[6] In any event, a petition to review a final order or decision of the MSPB must be filed in the United States Court of Appeals for the Federal Circuit.  5 U.S.C. § 7703(b).

[7] The record is unclear as to whether Aga's EEOC complaint alleging retaliation by Kalili is still pending.  An employee alleging retaliation under Title VII must exhaust administrative remedies as a precondition to filing suit.  See <u>Vasquez v. County of Los Angeles</u>, 349 F.3d 634, 644 (9th Cir. 2003) ("To establish subject matter jurisdiction over his Title VII retaliation claim, [plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC."); see also <u>Vinieratos</u>, 939 F.2d at 768 n.5 ("We do not recognize administrative exhaustion under Title VII as a jurisdictional requirement per se; we treat it as a legal question under the de novo standard because the

Even if Aga has exhausted his administrative remedies, his claim fails, as he has not established any retaliation claim.  To establish a claim of retaliation under Title VII, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two.  <u>Brooks v. City of San Mateo</u>, 229 F.3d 917, 928 (9th Cir. 2000).  Aga alleges none of these elements with respect to Kalili.

    B.   <u>Aga's Title VII Claim Fails.</u>

In his Third Cause of Action, Aga says that he was discriminated against because of religious differences between him and Kerisiano, the former Major of Operations.  Compl ¶ 34.  Winter moves for summary judgment on the ground that Aga has not established a Title VII claim.  This court agrees.

To establish a prima facie case of unlawful discrimination under Title VII, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably.  <u>Berry v. Dep't of Social Servs.</u>, 447 F.3d 642, 656 (9th Cir. 2006); <u>EEOC v. NCL Am. Inc.</u>, 535 F. Supp. 2d 1149, 1162 (D. Haw. 2008).  If the plaintiff meets his initial burden, then the defendant must offer a legitimate

---

issue is whether the plaintiff has satisfied a statutory precondition to suit.").

nondiscriminatory reason for the employment action.  <u>Berry</u>, 447 F.3d at 656.  Aga fails to meet his low initial burden.  <u>See</u> <u>NCL Am.</u>, 535 F. Supp. 2d at 1162 (noting that the amount of proof a plaintiff needs to present to establish a prima facie case is minimal).  Aga does not allege that he is a member of a protected class, and the court cannot discern what religious differences existed between him and Kerisiano.  Aga says only that Kerisiano was "motivated by differences of religious beliefs" with Aga.  Compl. ¶ 34.  Aga alleges that Kerisiano is Mormon.  <u>Id.</u> ¶ 35.  It is unclear what Aga's religion is, if any, much less that Kerisiano considered Aga's religion in taking any alleged action against him.  Additionally, Aga fails to establish that similarly situated individuals outside his class were treated differently.  It is, for example, unclear whether Kerisiano favored relatives who were also Mormon.  Summary judgment is granted with respect to Aga's claim of discrimination based on religious beliefs, to the extent he asserts one.

V.      <u>CONCLUSION.</u>

The court grants Winter's motion for summary judgment.  On this motion for summary judgment, it was incumbent on Aga to provide some evidence supporting his retaliation and Title VII claims.  He has failed to do so, despite the continuance granted by the court, and the court sees nothing in the record supporting an inference of retaliation or religious discrimination.  The

11

Clerk of Court is directed to enter judgment for Winter and to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii December 1, 2009



        /s/ Susan Oki Mollway

        Susan Oki Mollway
        Chief United States District Judge

Aga v. Winter, 08CV509 SOM/LEK; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.