```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF HAWAII

EDWARD J. AGA,                    )    CIV. NO. 08-00509 SOM/LEK
                                  )
          Plaintiff,              )
                                  )
     vs.                          )    ORDER DENYING PLAINTIFF'S
                                  )    MOTIONS FILED ON DECEMBER 22,
DONALD C. WINTER, SECRETARY       )    2009
OF THE UNITED STATES NAVY,        )
                                  )
          Defendant.              )
_____   )
```

ORDER DENYING PLAINTIFF'S MOTIONS FILED ON DECEMBER 22, 2009

I.      INTRODUCTION.

On November 12, 2009, Plaintiff Edward J. Aga filed the Complaint in this matter, asserting five Causes of Action. The First Cause of Action asserts that Aga was retaliated against for having reported alleged nepotism and deficiencies to the Office of Special Counsel ("OSC"). Compl. ¶ 27. The Second Cause of Action seeks back pay and lost wages. The Third Cause of Action asserts religious discrimination in violation of Title VII. Id. ¶ 34. Aga also claims a violation of 18 U.S.C. § 1910, a criminal statute barring nepotism in the appointment of a receiver or a trustee. The Fourth Cause of Action asks for his personnel files to be cleansed. The Fifth Cause of Action seeks pecuniary damages for damage to reputation flowing from Aga's loss of his salary and the resulting bad credit ratings and "collection harassment." Compl. ¶ 42.

On September 29, 2009, the Government filed a motion for summary judgment, which was granted in a written order filed on December 1, 2009.  In the court's written order, the court ruled that the Second, Fourth, and Fifth Causes of Action are derivative of the First and Third Causes of Action.  The court ruled that, with respect to the First Cause of Action, Aga had failed to exhaust his administrative remedies.  With respect to the Third Cause of Action, the court ruled that Aga had failed to establish a prima facie case of unlawful religious discrimination in violation of Title VII.  For those reasons, and because Aga had failed to file an opposition specifically addressing the Government's motion for summary judgment, the court granted summary judgment in favor of the Government and against Aga.  Judgment was entered against Aga on December 1, 2009.

Three weeks after judgment was entered, on December 22, 2009, Aga filed 1) a motion to enlarge the time to file an opposition to the Government's motion for summary judgment; 2) a motion to set aside the order granting summary judgment; and 3) a motion for summary judgment in favor of Aga.  The court construes the first two motions as seeking relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  The court denies all three motions filed by Aga on December 22, 2009.

II.     STANDARD OF REVIEW.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend judgment. Motions to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). There are therefore four basic grounds upon which a Rule 59(e) motion may be granted: 1) a manifest error of law or fact upon which the judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law. McDowell, 197 F.3d at 1255 n.1; accord Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court. McDowell, 197 F.3d at 1255 n.1 ("the district court enjoys considerable

discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").

III.    ANALYSIS.

Aga's Complaint did not clearly assert causes of action.  This court gleaned from it that Aga was asserting claims of retaliation for having previously made complaints to the OSC and claims of religious discrimination in violation of Title VII.  This court granted summary judgment on both of those claims, entering judgment against Aga because all of Aga's other claims were derivative of those two claims.

In his December 22, 2009, motion, Aga says that he did not file any Opposition to the Government's motion for summary judgment because his father passed away on November 1, 2009, and because he had discovered that his father had been the victim of a crime.  Even assuming that Aga's failure to file a timely opposition by November 5, 2009, was excused by his unfortunate circumstances,[1] Aga has not established any genuine issue of fact that would preclude summary judgment in favor of the Government.  Accordingly, there is no reason to grant his Rule 59(e) motion.

---

[1] The court notes that Aga sent a letter to Government counsel on November 2, 2009, the day after his father's death. The court nevertheless sympathizes with Aga and accepts his statement that unfortunate circumstances prevented him from filing a timely opposition to the Government's motion for summary judgment.

Along with the motions filed by Aga on December 22, 2009, Aga filed his opposition to the Government's motion for summary judgment. That opposition does not establish that this court erred in granting summary judgment in favor of the Government.

With respect to the retaliation claim asserted in the Complaint, this court ruled that the Government was entitled to summary judgment because Aga had failed to exhaust his administrative remedies by failing to respond to the OSC's requests and by failing to appeal the OSC decision. The papers filed by Aga on December 22, 2009, do not establish that he exhausted his administrative remedies with respect to his claim to the OSC that he was retaliated against for having reported deficiencies and nepotism to the OSC. At best, Aga says that the OSC asked him questions that he had "already answered initially in the complaint [to the OSC]." See Memorandum at 26 (Dec. 22, 2009). Aga's opposition does not submit any evidence tending to show that Aga responded to the OSC's requests or that he appealed the OSC decision. Accordingly, Aga fails to raise a genuine issue of fact as to whether he exhausted his administrative remedies with respect to the retaliation claim. Accordingly, there is no reason to reconsider this court's grant of summary judgment as to that claim.

With respect to the Title VII claim asserted in the Complaint, this court ruled that the Government was entitled to summary judgment because Aga failed to show a prima facie case of religious discrimination.  This court ruled that Aga had not alleged that he was a member of a protected class and noted that it could not discern what religious differences existed.  Because there was nothing in the record indicating that actions were motivated by religious differences, even assuming that Kerisiano is a Mormon who was "protecting his own family," the court determined that Aga had failed to demonstrate that similarly situated individuals outside of his class were treated more favorably.  Nothing in Aga's December 22, 2009, filings tends to establish such a link.  At most, Aga claims that Kenneth Heitmann, Kerisiano, and Linda Biggs were Mormons, that Anthony Kalili is a Mormon sympathizer, and that these individuals did special favors for one another.  See Memorandum at 10 (Dec. 22, 2009).  But Aga does not establish that he was discriminated against because he was not a Mormon.  Aga baldly claims that Biggs influenced the Human Resources Office and the Office of Workers Compensation Benefits to retaliate against him and claims that Kalili was reluctant to resolve issues pertaining to his friend and mentor, Kerisiano.  See id. at 16.  This is not sufficient to raise a triable issue as to whether Aga suffered discrimination based on any religious difference.  This court

sees no reason to reconsider its determination that Aga fails to make out a prima facie case of religious discrimination in violation of Title VII.

Nor has Aga raised a genuine issue of fact as to whether Kalili retaliated against him in violation of Title VII. In its order, this court ruled that, even if Aga exhausted his administrative remedies as to this claim, he had not established a prima facie retaliation claim. Aga's December 22, 2009, opposition does not raise a genuine issue of fact as to whether Kalili retaliated against Aga in violation of Title VII. At most, Aga says that Kalili had asked Aga to sign a blank appraisal form and told Aga that he could go back to work if he agreed to certain terms and conditions. See Memorandum at 20 (Dec. 22, 2009). Aga does not raise any fact, however, tending to show that Kalili's actions were in any way motivated by an intent to retaliate against Aga. Accordingly, Aga fails to show any reason this court should reconsider its ruling in this regard.

Because Aga fails to raise any genuine issue of fact precluding summary judgment on the First and Third Causes of Action, and because the Second, Fourth, and Fifth Causes of Action are derivative of the First and/or Third Causes of Action, summary judgment was properly granted in favor of the Government. Accordingly, the court denies Aga's December 22, 2009, Rule 59(e) motion, which Aga filed as a motion to enlarge the time to file an opposition to the Government's motion for summary judgment and

motion to set aside the order granting summary judgment.  The court also denies as moot Aga's December 29, 2009, motion for summary judgment in favor of Aga.

IV.     CONCLUSION.

For the foregoing reasons, the court denies all of the motions filed by Aga on December 22, 2009.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii January 13, 2010.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Aga v. Winter, 08CV509 SOM/LEK; ORDER DENYING PLAINTIFF'S MOTIONS FILED ON DECEMBER 22, 2009

8